# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| ADVENTIST HEALTH SYSTEM/ §<br>SUNBELT, INC., D/B/A HUGULEY §<br>MEMORIAL MEDICAL CENTER §<br> §<br>   Plaintiff, §<br> §<br>VS. §<br> §<br>AETNA LIFE INSURANCE COMPANY, §<br> §<br>   Defendant. § | CIVIL ACTION NO. _____<br><br>4-08CV-199-A |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Aetna Life Insurance Company ("Aetna") files this Notice of Removal of Civil Action brought by Plaintiff Adventist Health System/Sunbelt, Inc., d/b/a Huguley Memorial Medical Center ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1.   **The State Court Action, Parties and Pleadings.**   Aetna is a party in a civil action filed on or about February 15, 2008 in the District Court of Tarrant County, Texas, 153rd Judicial District, under Cause Number 153-228858-08 ("State Court Action"). A true and correct copy of the State Court Civil Docket Sheet is attached hereto as Exhibit A, and a true and correct copy of Plaintiff's Original Petition (the "Complaint") is attached hereto as Exhibit B.

2.   Aetna was served with or otherwise received a copy of the Complaint on February 25, 2008. A true and correct copy of the citation received by Aetna, along with the executed return, is attached hereto as Exhibit C.

3.   To avoid the entry of a default judgment against it, Aetna filed its Original Answer in the State Court Action on March 14, 2008. A true and correct copy of Aetna's Original Answer is attached hereto as Exhibit D.

4. **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action is being removed prior to the expiration of the statutorily allowed thirty day period after the date Aetna was served with or otherwise received a copy of the Complaint.

5. **Complete Diversity of Citizenship Confers Jurisdiction.** This case may be removed to this Court because it is one involving a controversy wholly between citizens of different states in which the district courts of the United States have diversity jurisdiction pursuant to 28 U.S.C. § 1332. The matter is, therefore, one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

6. On information and belief, Plaintiff is a corporation that was incorporated in the State of Texas with its principal place of business located in Burleson, Tarrant County, Texas, both at the time of the filing of the State Court Action and as of the time of the filing of the Notice of Removal.

7. Aetna Life Insurance Company is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the State Court Action was filed. As of the date of this Notice of Removal, Aetna Life Insurance Company continues to be incorporated in and have its principal place of business in the State of Connecticut. Aetna Life Insurance Company neither had its principal place of business in the State of Texas nor was incorporated in the State of Texas, either at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.

8. Accordingly, this controversy is wholly between citizens of different states, and therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

9.      Furthermore, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.   Indeed, in addition to seeking medical benefits approximating $74,000, Plaintiff also seeks statutory penalties, *exemplary damages*, interest and attorneys' fees.[1]   Therefore, Plaintiff's alleged damages in this lawsuit easily exceed the minimum jurisdictional requirements of 28 U.S.C. §1332.[2]

10.     **ERISA Complete Preemption Raises a Federal Question.**   Additionally, and alternatively, the Complaint necessarily raises a federal claim in character because ERISA[3] completely preempts Plaintiff's state law claims as set forth below.   Therefore, the State Court Action may be removed to this Court because it arises under the laws of the United States.

11.     Specifically, the Complaint alleges that:

- Patient B had "health insurance coverage through a health plan issued or administered by Aetna."[4]

- Plaintiff submitted medical claims to Aetna for payment under the health "insurance" plan.[5]

- Aetna paid Plaintiff's claims for payment for Patient B's medical services, then later recouped the payment under the terms of the health "insurance" plan.[6]

---

[1]   *See* Complaint at page 12.

[2]   *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *United States Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (recognizing that federal court can consider potential exemplary damages in determining amount in controversy); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable."); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (considering, *inter alia,* damages arising from mental anguish, treble damages, statutory damages under the Texas Insurance Code, exemplary damages, and attorneys' fees for determining amount in controversy).

[3]   Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

[4]   *See* Complaint at ¶ 5.

[5]   *Id.* at ¶ 8.

[6]   *Id.* at 10.

- As a proximate result of Aetna's denial, Plaintiff has allegedly sustained damages.[7]

12. The health insurance coverage described in Plaintiff's Complaint relative to Patient B is actually a self-funded employee welfare benefit plan ("the Plan") established and maintained by an employer, Bell Helicopter Textron, Inc., pursuant to ERISA. The Plan provides medical coverage for the benefit of eligible employees and their eligible dependents, and Aetna provides certain third-party claims administrative services to the Plan.

13. Based on the allegations in the Complaint, Plaintiff asserts state law claims for damages based on Aetna's alleged improper denial and/or administration of medical benefits available under the terms of an ERISA plan and seeks to recover benefits allegedly due under the Plan. As such, Plaintiff's claims are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[8] Accordingly, this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and the matter is one that may be removed pursuant to 28 U.S.C. § 1441(a) and (b) and controlling case law.[9]

14. **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the District Court of Tarrant County, 153rd Judicial District, as provided by law.[10]

---

[7] *Id.* at ¶ 30.

[8] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987). A claim falls within the scope of Section 502(a) and is completely preempted if (1) the plaintiff, at some point in time, could have brought the claim under ERISA § 502(a), and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210. Both elements are satisfied here.

[9] *See Davila*, 542 U.S. at 209-211; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding state court action asserting only state law causes of action relating to alleged failure to pay a claim for benefits under an employee benefit plan constitutes a federal question and is removable to federal court).

[10] A true and correct copy of the Notice being filed with the District Court of Tarrant County, Texas, 153rd Judicial District is attached hereto as Exhibit E.

HOU:2787864.1

WHEREFORE, Aetna Life Insurance Company prays that the State Court Action be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

HOU:2787864.1

Respectfully submitted,

OF COUNSEL:
ANDREWS KURTH LLP
    and
DIMITRI ZGOURIDES
State Bar No.: 00785309
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4152
Telecopier: (713) 238-7206
*dzgourides@ andrewskurth.com*

DAVID BROILES
State Bar No.: 24043588
KARIN CAGLE
State Bar No.: 24043588
CAGLE ♦ BROILES
100 N. Forest Park, Suite 220
Fort Worth, Texas  76102
Telephone: (817) 335-3311
Telecopier: (817) 335-7733
*kcagle@kbblawyers.com*

By: _____
    JOHN B. SHELY
    State Bar No.: 18215300
    600 Travis, Suite 4200
    Houston, Texas 77002
    Telephone: (713) 220-4105
    Facsimile: (713) 220-4285
    *jshely@andrewskurth.com*

ATTORNEY-IN-CHARGE FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

- 6 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing is being delivered to Plaintiff's counsel by certified mail, return receipt requested, on the 25th day of March, 2008, addressed as follows:

Paul Matthew O'Neil
Law Offices of P. Matthew O'Neil
816 Congress Ave., Ste 1600
Austin, TX 78701

_____
John B. Shely

- 7 -

# Index

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ADVENTIST HEALTH SYSTEM/ | § | |
| SUNBELT, INC., D/B/A HUGULEY | § | |
| MEMORIAL MEDICAL CENTER | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
|     Defendant. | § | |

## INDEX OF DOCUMENTS BEING FILED
## WITH THE NOTICE OF REMOVAL

| Exhibit | Description | State Court Filing Date |
|---|---|---|
| A | Certified Copy of State Court Civil Docket Sheet | N/A |
| B | Plaintiff's Original Petition | 2/15/2008 |
| C | Citation to Aetna Life Insurance Company, with return | 2/29/2008 |
| D | Defendant's Original Answer | 3/14/2008 |
| E | Notice of Removal of State Court Action | 3/25/2008 |



# Civil Docket

## Discovery: 2

## 153-228858-08

8|15|4

Cause Of Action: DECEPTIVE TRADE PRACTICES

| NAMES OF PARTIES | ATTORNEYS |
|---|---|

Date Filed
02/15/2008

ADVENTIST HEALTH SYSTEM/
SUNBELT, INC.

O'NEIL, PAUL MATTHEW
770 S POST OAK LN STE 500

HOUSTON, TX 77056
BarID: 00795955TX    Ph (713)961-5095    PLTF

Jus

Fees $

vs.

AETNA LIFE INSURANCE COMPANY

Pa
By

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|

153-228858-08

A CERTIFIED COPY
ATTEST 3-10-08
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY
DEPUTY
LINDA DAVIDSON

**EXHIBIT A**

```
                      TARRANT COUNTY DISTRICT CLERK'S OFF        Page:      1
JIMSGTM8      .          ALL TRANSACTIONS FOR A CASE            Date: 03/10/2008
                                                                Time: 15:29
```

```
┌─────────────────────────────────────────────────────────────────────────────┐
│           Cause Number: 153-228858-08    Date Filed: 02/15/2008               │
│  ADVENTIST HEALTH SYSTEM/        │ v │    AETNA LIFE INSURANCE COMPANY         │
│  SUNBELT, INC.                   │ s │                                         │
│_____    Cause of Action: DECEPTIVE TRADE PRACTICES                         │
│_____    Case Status·····: PENDING                                         │
├────────────┬──────────────────────────────────────────────────┬─────────────┤
│ Filemark   │ Description                                       │  Fee Total  │
├────────────┼──────────────────────────────────────────────────┼─────────────┤
│ 02/15/2008 │ ***FILE #1 ***PLTFS ORIG PET                      │ YI   234.00 │
│ 02/15/2008 │ CITATION CERT-ISSUED ON AETNA LIFE INSURANCE      │ YI    58.00 │
└────────────┴──────────────────────────────────────────────────┴─────────────┘
```

```
Total Number Of Records Printed:      2
```

```
JIMSGTM8                TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:      1
                        ALL TRANSACTIONS FOR A CASE                   Date: 03/10/2008
                                                                      Time: 15:33
```

```
┌─────────────────────────────────────────────────────────────────────────────┐
│           Cause Number: 153-228858-08    Date Filed: 02/15/2008               │
│     ADVENTIST HEALTH SYSTEM/       | v |  AETNA LIFE INSURANCE COMPANY        │
│     SUNBELT, INC.                  | s |                                      │
│ _____   Cause of Action: DECEPTIVE TRADE PRACTICES                         │
│ _____   Case Status·····: PENDING                                          │
└─────────────────────────────────────────────────────────────────────────────┘
```

| Filemark | Description | | Fee Total |
|----------|-------------|-----|-----------|
| 02/15/2008 | ***FILE #1 ***PLTFS ORIG PET | YI | 234.00 |
| 02/15/2008 | CITATION CERT-ISSUED ON AETNA LIFE INSURANCE | YI | 58.00 |

Total Number Of Records Printed:     2



**United States District Court**
**Northern District of Texas**

**Supplemental Civil Cover Sheet For Cases Removed From State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    **Court**

    153rd Judicial District Court,
    Tarrant County, Texas

    **Case Number**

    153-228858-08

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    **Party and Party Type**

    Plaintiff Adventist Health System/
    Sunbelt, Inc.,
    d/b/a Huguley Memorial Medical Center

    **Attorney(s)**

    Paul Matthews O'Neill
    State Bar No. 00795955
    Law Offices of P. Matthew O'Neill
    816 Congress Avenue
    Suite 1600
    Austin, Texas 78701
    (512) 473-2002
    (512) 473-2034 Facsimile

HOU:2788416.1

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Defendant Aetna Life Insurance Company | John B. Shely |
| | State Bar No. 18215300 |
| | Attorney-in-Charge |
| | Dimitri Zgourides |
| | State Bar No. 00785309 |
| | Andrews Kurth LLP |
| | 600 Travis Street, Suite 4200 |
| | Houston, Texas 77002 |
| | (713) 220-4105 |
| | (713) 220-4285 Fax |
| | E-mail: jshely@andrewskurth.com |
| | dzgourides@ andrewskurth.com |
| | |
| | DAVID BROILES |
| | State Bar No. 0305450 |
| | KARIN CAGLE |
| | State Bar No. 24043588 |
| | CAGLE ♦ BROILES |
| | 100 N. Forest Park, Ste. 220 |
| | Fort Worth Texas 76102 |
| | (817) 335-3311 |
| | (817) 335-7733 Fax |
| | E-mail: kcagle@kbblawyers.com |

3.  **Jury Demand:**

> Was a Jury Demand made in State Court?          ☐ Yes          ☒ No

>> If "Yes," by which party and on what date?

>> Party                                    Date

4.  **Answer:**

> Was an Answer made in State Court?          ☒ Yes          ☐ No

>> If "Yes," by which party and on what date?

>> Aetna Life Insurance Company                    March 14, 2008

> **Party**                                    **Date**

2

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                    **Reason(s) for No Service**

<u>None</u>

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

<u>**Party**</u>                              <u>**Reason**</u>

<u>None</u>

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

<u>**Party**</u>                              <u>**Claim(s)**</u>

Plaintiff                                    Claims to recover medical benefits under
                                             health plans, including an ERISA plan

3

ORIGINAL

NO. 153 228858 08

| | | |
|---|---|---|
| ADVENTIST HEALTH SYSTEM/ | § | IN THE DISTRICT COURT OF |
| SUNBELT, INC., D/B/A HUGULEY | § | |
| MEMORIAL | § | |
| MEDICAL CENTER | § | TARRANT COUNTY, TEXAS |
| | § | |
| V. | § | |
| | § | |
| | § | |
| AETNA LIFE INSURANCE | § | _____ JUDICIAL DISTRICT |
| COMPANY | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adventist Health System/Sunbelt Inc., d/b/a Huguley Memorial Medical Center, Plaintiff, complaining of Aetna Life Insurance Company, Defendant, and files this Plaintiff's Original Petition, and in support thereof would show the Court as follows:

### I.

## DISCOVERY CONTROL PLAN

1.    Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff requests that discovery in this cause of action be conducted under Level 2, TEX. R.CIV.P. 190.3.

### II.

## PARTIES

2.    Plaintiff, Adventist Health System/Sunbelt, Inc., d/b/a Huguley Memorial Medical Center, (hereinafter referred to as "HMMC") is a health care provider and hospital incorporated in the State of Texas with its principal place of business located in Burleson, Tarrant County, Texas.

A CERTIFIED COPY
ATTEST 3-10-08
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
LINDA DAVIDSON

PLAINTIFF'S ORIGINAL PETITION                                           PAGE 1

**EXHIBIT B**

3.    Defendant, Aetna Life Insurance Company, (hereinafter referred to as "Aetna") is in the business of providing and/or administering medical and health insurance plans and is licensed to do business in the State of Texas.  Defendant Aetna may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

### III.

### JURISDICTION AND VENUE

4.    This case is within the subject matter jurisdiction of this Court and venue is proper in Tarrant County pursuant to TEX.CIV.PRAC.&REM.CODE, §§ 15.001 & § 15.002.

### IV.

### FACTUAL BACKGROUND

5.    At all times relevant hereto, HMMC is a health care provider and hospital, which is located in Burleson, Tarrant County, Texas.  Aetna is in the business of providing, issuing and/or administering medical and health care coverage to groups and/or individuals or administering such health plans, including insured individuals that reside in Texas.  This lawsuit concerns medical services provided to two patients that were purported to have health insurance coverage through a health plan issued or administered by Aetna.  For the purpose of the patients' privacy rights, their names and identification numbers will not be included in this pleading. Plaintiff will identify the patients' services by claim number and sufficient information has previously been provided to Defendant, such that Aetna is duly notified herein of the claims made the basis of the suit. After service of process, additional patient information will be provided to the Defendant, if necessary.

6.      For the purposes of these pleadings, HMMC will refer to the patients as Patient A and Patient B respectively.

7.      Patient A was admitted to HMMC for a surgical procedure on January 17, 2006 and was discharged on January 19, 2006. The total amount of the hospital bill for the treatment provided to the patient was $17,139.00. Aetna's Claim ID for this patient is EDDWRTK5ROO with the patient's partially redacted subscriber ID being XXXXXX-3580. Prior to admission, the patient presented an insurance card showing she had medical health coverage under an Aetna Advantage PPO-Texas Plan. On information and belief, the patient was actually employed with Aetna with correspondence from Aetna showing the employer to be Aetna Advantage PPO. Aetna represented to HMMC that the patient's effective date of coverage was November 15, 2005. Thus, Aetna affirmatively represented that coverage and benefits were available and adequate for the medical services to be provided, and the services were precertified and authorized by Aetna. In reliance and based upon these representations of available and adequate insurance coverage, HMMC provided valuable medical services with the certain expectation of payment.

8.      After the discharge of the patient, HMMC submitted the claim to Aetna for payment. However, Aetna denied the claim on the alleged basis that the patient's insurance coverage had terminated on or about December 14, 2005, or approximately a month prior to the admission. As shown below, only Aetna was in the position to provide accurate information regarding the insured patient's coverage, particularly since the patient was believed to be an actual employee of Aetna. HMMC relied on the representation of insurance coverage and has been damaged as a result of Aetna denying the claims after the services were provided on the

alleged basis that the patient's coverage actually terminated prior to the medical admission and prior to Aetna verifying benefits and authorizing the medical services in question.

9.      Patient B was admitted to HMMC on two separate occasions.  On July 28, 2004 the patient was admitted and received medical services with charges totaling $1,652.00.  The patient was again admitted to HMMC from July 30, 2004 to August 3, 2004 and received medical services with charges totaling $55,320.00.  Patient B's Aetna ID is BBKPKCYA with group number 4000B.  Upon each of the Patient B's admission, Aetna again affirmatively represented that coverage and benefits were available and adequate for the medical services to be provided, and the services were precertified and authorized.  In reliance and based upon these affirmative representations of coverage, HMMC provided valuable medical services with the certain expectation of payment.

10.     HMMC submitted the claims for payment for each admission payment, and Aetna indeed paid the claims.  The first admission was paid in the amount of $1,073.80.  For the second admission Aetna paid HMMC $12,766.90.  However, almost two years later, Aetna recouped the prior payments in 2006, alleging for the first time that Medicare, rather than Aetna, was the primary payer.  The unilateral and improper recoupment was taken without proper notice to HMMC by Defendant.  Even if the allegation that Medicare was primary for the services is accurate, this is of no consequence as the timely filing deadline for submitting the claims to Medicare for payment had long passed, only as a direct result of Aetna failing to timely notify HMMC of this alleged fact.  For the reasons described below, the HMMC relied on the affirmative representations of insurance coverage and has been damaged as a result of Aetna actually paying these claims, to only then improperly recoup the payments well after the admission and without notice.

11.    At all times relevant hereto, HMMC and Aetna were parties to a negotiated contract, whereby HMMC agreed to treat insured lives of Aetna and Aetna agreed to pay for those medical services in accordance with the terms of the agreements. Thus, these claims are governed by the statutory obligations and requirements set forth in the Texas Insurance Code that govern claim processing, adjudication and payment.  Thus, Aetna is obligated to promptly pay the hospital and Aetna's performance is governed by the Texas Insurance Code.

## V.

## CAUSES OF ACTION

### 1. Violations of the Texas Insurance Code Through decepetive and unfair Trade Practices

12.    Plaintiff alleges and incorporates herein by reference paragraphs 5 through 11 above.

13.    Plaintiff would show it is the accepted business practice in the hospital industry to contact insurers or their administrators in order to verify coverage for patients that are being admitted for medical services.

14.    Since coverage and benefit information is entirely within the exclusive control of the insurer or its administrator, a hospital must rely on representations of coverage by an insurance carrier or its agents or administrator, when deciding to admit and provide costly medical services to a patient.  The insurance carrier and/or the administrator know a hospital will rely on assertions and representations of coverage, and are under a duty to reasonably investigate and provide accurate coverage information.

15.    Aetna represented to HMMC that insurance benefits were available for the medical treatment provided to both patient A and patient B. The Plaintiff provided the necessary medical treatment to the patients in reliance on the assertion and representation of available

insurance coverage by Aetna. HMMC and other hospitals have no way to determine the existence of insurance coverage and benefits under an insurance policy, except through the plan and/or its administrators, which is precisely why a hospital contacts a plan or its agents, as was done in this case. However and although coverage for the medical services were verified for each patient admission, Aetna denied payment for the services for Patient A as the patient's coverage allegedly terminated prior to the admission. This is particularly egregious in that patient A is believed to have been an employee of Aetna, such that Aetna clearly knew or should have known that the patient's coverage terminated prior to admission. As to patient B, Aetna represented coverage was available on two occasions and indeed paid the claims for each admission, only to then recoup the monies without proper notice almost two years after the fact.

16.    As a result, HMMC has been damaged as a result of these misrepresentations and improper recoupments of payment, because the treatment was provided in reliance on said representations.

17.    Aetna's misrepresentations, acts and omissions have caused HMMC actual damages in the amount of $17,139.00 for services provided to patient A and $1,652.00 and $55,320.00 respectively for the two admission and medical services provided to patient B. In addition, since this conduct was committed knowingly, plaintiff is entitled to three times the actual damages or $56,373.00 pursuant to Tex. Ins. Code Art 21.21, Section 541.152.

## 2.    Violations of the Texas Insurance Code

18.    Plaintiff alleges and incorporates herein by reference paragraphs 5 through 17 above.

19.    At all times relevant hereto, Aetna was a contracted payer pursuant to a negotiated network contract entered into with the HMMC. As a result, Defendant's conduct and omissions